UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-243-H

ANGELA EARLY                                                                                         PLAINTIFF

V.

RES-CARE, INC.                                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Angela Early ("Early"), has alleged that she was wrongfully terminated for reasons contrary to the public policy of the State of Kentucky. Defendant, Res-Care, Inc. ("Res-Care"), has filed several motions to dismiss. Each time Early has responded by revising her claims or moving for leave to file an amended complaint. Early has conceded that her first two complaints do not state a proper cause of action for wrongful termination. The issue before the Court now concerns whether the most recent amended complaint might do so. The Court has now had an opportunity to review all the motions and responses as well as hear the arguments of the parties at a conference.[1] Consequently, the Court is in a position to resolve whether Early can state a cause of action under these circumstances.

The factual basis for Early's complaint is that she was fired for complaining about Res-Care business policy of registering its business telephones in the names of individual patients. Early complained that this practice is illegal. In fact, the particular complaint concerns Res-

---

[1] Although the Court allowed Plaintiff additional time to file a response, none was filed. The Court believes that no other legal arguments were available on behalf of Plaintiff.

Care's alleged violation of telephone company rules and regulations. Her complaint does not involve the violation of a specific statutory provision. In essence, Early alleges that she complained about being required to participate in a fraud upon the telephone company. In her latest filings Early alleges that Res-Care's requiring her to place phones in individual rather than business names violates KRS 514.040 and KRS 514.060. The first statute describes a crime of theft by deception; the second defines the crime of theft of services. Whether Res-Care's actions actually constitute a violation is highly debatable; but is largely irrelevant to the current posture of the case.

Res-Care has argued that any statute relied upon to support a wrongful termination claim must be "directed at providing statutory protection to the worker in his employment situation," and that "the concept of employment-related nexus is critical." *Grzyb v. Evans*, 700 S.W.2d 399, 402 (Ky. 1985). *Also see Boykins v. Housing Authority of Louisville*, 842 S.W.2d 527, 530 (Ky. 1992). Reviewing all the cases this Court agrees. A cause of action for wrongful termination must rest upon a public policy or statute which is in some way designed to protect employees in the employment relationship. The Kentucky Supreme Court decision in *Pari-Mutuel Clerks v. Kentucky Jockey Club*, 551 S.W.2d 801 (Ky. 1977), is a perfect example of a statute which expressly protects an employee's right to organize and creates a public policy exception to the employment-at-will doctrine. In *Grzyb v. Evans*, the Kentucky Supreme Court again explains that the public policy exceptions to terminable at will doctrine are narrowly defined.

The problem with Early's purported cause of action is that the statutory violations she points to has nothing to do with the rights of a worker in an employment situation. There is no connection between the statute cited and any Kentucky policy designed to protect workers. The

Court concludes that KRS 514.040 and KRS 514.060 do not come within any of the narrow exceptions described in *Grzyb v. Evans* or *Firestone Textile Co. Div. v. Meadows*, 660 S.W.2d 730 (Ky. 1983).

Because the Court has determined that Early's wrongful termination claim cannot be founded upon these two statutes, the Court need not analyze whether her internal reporting actually qualifies as protected activity or whether Early actually refused or failed to participate in the activity she now claims to be illegal. At first blush it would appear Early would have great difficulty establishing either of these two elements.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Res-Care's motion to dismiss is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:     Counsel of Record